1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

QADIR BAKHSH,

Plaintiff,

v.

MUHAMMAD Q. KHAN; MAIMOONA Q. KHAN; SALIM ATTIYA; KHRONUSOVA YEKATERINA; SAIMA BHATTI; BRIGHT STAR, LTD.; BRIGHT STAR CONTRACTING, LTD; AMPAK ENTERPRISES, LLC; M Q FAM LLC; DOES I-III, and ROE CORPS. 1-III inclusive,

Defendants.

Case No. 2:15-cv-2168-APG-VCF

**ORDER REMANDING CASE TO STATE COURT**

On November 13, 2015, defendants Muhammad Khan and Maimoona Khan removed this action from Nevada state court based on diversity jurisdiction. (Dkt. #1.)  Removal is improper for at least three independent reasons.

Removal based on diversity jurisdiction is proper only if there is complete diversity. 28 U.S.C. § 1332(a)(1).  Plaintiff is a citizen of Nevada. (*Id*. at 4:22-23.)  However, defendants admit that defendant Yekaterina Khronusova is a citizen of Nevada. (*Id.* at 2:9-10.)  Thus, complete diversity of citizenship between plaintiff and all of the defendants is lacking.  It is irrelevant whether Ms. Khronusova consents to removal as parties cannot confer subject matter jurisdiction upon the court where it is not proper under the jurisdictional statutes.  This court does not have diversity jurisdiction over this matter.

Moreover, defendant AMPAK Enterprises, LLC is a limited liability company whose citizenship depends on the citizenship of each of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (stating "an LLC is a citizen of every state of which its owners/members are citizens").  The defendants have not identified the citizenship of each member of AMPAK Enterprises, LLC.

1       Finally, the defendants do not support their allegation that more than $75,000 is at issue in

2  this case. (Dkt. #1 at 2:17-18.)   Courts "strictly construe the removal statute against removal

3  jurisdiction." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). "Federal jurisdiction

4  must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. "The

5  'strong presumption' against removal jurisdiction means that the defendant always has the burden

6  of establishing that removal is proper." *Id*. "Normally, this burden is satisfied if the plaintiff claims

7  a sum greater than the jurisdictional requirement," but where "it is unclear what amount of damages

8  the plaintiff has sought," as with claims governed by Nevada Rule of Civil Procedure 8(a), "then

9  the defendant bears the burden of actually proving the facts to support jurisdiction, including the

10  jurisdictional amount." *Id.*  Here, as in *Gaus*, the defendants have offered no facts to support the

11  Court's exercise of jurisdiction, and plaintiff's allegations in the complaint provide none.

12  Accordingly, I cannot find that I may exercise subject matter jurisdiction in this action.

13       IT IS THEREFORE ORDERED that this case is remanded to the state court from which it

14  was removed.  The clerk of the court is directed to remand the case and close this file.

15       DATED this 23rd day of November, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE